IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>JIHAD IBN BARNES, )<br>also known as "Albert Henry Barnes," )<br>)<br>Defendant. ) | Criminal No. 1:13-cr-311<br><br>Honorable Anthony J. Trenga<br><br>Hearing Date: March 29, 2023 |

**United States' Position on**
**Defendant's Supervised Release Violation**

The United States of America submits this memorandum regarding defendant Jihad Ibn Barnes's supervised release violations, as documented in the Petition on Supervised Release ("the Petition") submitted by U.S. Probation Officer Daniel D. Gillespie, Jr., on February 27, 2023, and the addenda to the Petition submitted on March 7, 2023, and March 19, 2023.  *See* ECF Nos. 158, 164, 168.  As alleged in the Petition and the addenda, the defendant violated six different conditions of his supervised release—some on several occasions—including associating with persons with felony convictions, possessing and using an internet capable device without prior approval, failing to work in a lawful occupation, failing to provide requested financial information, failing to give notice of a law enforcement encounter, and failing to follow instructions of the probation officer.

On February 28, 2023, based on the violations in the Petition, the Court issued an arrest warrant directing the defendant to appear to show cause why supervision should not be revoked. For the reasons set forth below, and upon this Court's finding of a violation, the United States respectfully requests that the Court revoke the defendant's supervised release and impose a ten-month term of incarceration followed by a new term of supervised release.

1

**BACKGROUND**

**I.      Defendant's Underlying Offense**

On November 26, 2013, the defendant pleaded guilty to possession of a firearm after conviction of a felony offense, in violation of Title 18, United States Code, Section 922(g)(1). *See* ECF No. 54 at 1. On February 14, 2014, the Court sentenced the defendant to 216 months imprisonment, with credit for time served, followed by five years of supervised release. ECF No. 158.

On January 6, 2022, the Court ordered that the defendant's sentence be reduced to 120 months' incarceration with credit for time served and three years' supervised release. *See* ECF 155. The Court relied on intervening case law, which held that the defendant's prior assault conviction no longer qualified as an Armed Career Criminal Act (ACCA) predicate. *See United States v. Barnes*, 855 F. App'x 893, 894 (4th Cir. 2021) (citing *Borden v. United States*, 141 S. Ct. 1817 (2021)).

On April 21, 2022, prior to his release, the defendant agreed to a modification of his conditions of supervised release, including: 1) submission of person and property to search, 2) prohibition on possessing or using an internet capable device or access to an online service without prior approval of his probation officer, including installation of device-monitoring program for the first twelve months of supervision; 3) participation in mental health counseling; 4) prohibition on possessing or accessing material that reflects extremist of terroristic views; and 5) provision of any requested financial information.

On July 2, 2022, the defendant was released from the Federal Bureau of Prisons ("BOP") and began serving his three-year term of supervised release in the District of Columbia, where he resides. ECF No. 158 at 3. On October 17, 2022, the defendant agreed to a further modification of his conditions of supervised release to include a requirement to submit to polygraph testing.

This is the defendant's first petition on supervised release.

**II.     Violations**

The Petition alleges five violations. First, on or about July 8, July 28, August 15, and October 29, 2022, the defendant associated with persons convicted of a felony offense on Facebook messenger, in person, and via telephone, and did so without permission from his probation officer.

Second, on or about July 18, 2022, and February 3, 2023, the defendant failed to follow the instructions of the probation officer by failing to report his Facebook account and Wi-Fi information on his computer questionnaire and failing to provide requested financial information on time, respectively.

Third, on or about January 24, 2023, the defendant resigned from his employment and educational program with the Georgetown University Pivot Program and thereby violated his condition to work regularly at a lawful occupation.

Fourth, on or about August 5, 2022, and February 3, 2023, the defendant failed to provide requested financial information. The defendant failed to complete portions of the financial disclosure and omitted requested information.

Fifth, on or about October 17 and November 29, 2022, the defendant possessed and/or used unmonitored internet capable devices without the approval of his probation officer, including his wife's phone and a phone that he had previously affirmed to his probation officer was not in use.

According to the first addendum to the Petition, on or about March 3, 2023, the probation officer learned that the defendant committed an additional violation of possessing an internet capable device without permission, which he admitted to during his polygraph.

According to the second addendum to the Petition, on or about March 4, 2023, the defendant committed an additional violation of possessing or using an internet capable device

3

without permission by using his wife's phone. Further, on or about February 28, 2023, the defendant failed to report his traffic citation to his probation officer within three days, which is in violation of his condition to notify Probation of any interaction with law enforcement.

On March 10, 2023, the parties appeared before the Court for a preliminary revocation hearing and detention hearing. ECF No. 166. At that time, the Court denied the United States' motion for detention. *Id.*

## ANALYSIS

### III.   Legal Standard

Revocation hearings are informal proceedings at which the Federal Rules of Evidence need not be strictly observed. Fed. R. Evid. 1101(d)(3); *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968) (per curiam). A sanction for a supervised release violation is appropriate when a court finds by a preponderance of the evidence that a defendant violated a condition of release. 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).

Before deciding on revocation, a court must consider the 18 U.S.C. § 3553(a) sentencing factors—except for the factors provided in § 3553(a)(2)(A) and § 3553(a)(3). *See* 18 U.S.C. § 3583(e). The relevant factors include *inter alia* the history and characteristics of the defendant; the nature and circumstances of the offense; and the need for the sentence to adequately deter criminal conduct, to protect the public from the defendant's future criminal conduct, and to provide the defendant with correctional treatment. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

Upon finding such a violation and after considering the 18 U.S.C. § 3553(a) factors, a court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the [underlying] offense . . . without credit for time previously served on post-release supervision[.]" 18 U.S.C. § 3583(e)(3).

4

A court may impose thereafter another term of supervised release, the length of which cannot exceed the term of supervised release authorized for the underlying offense less any term of imprisonment imposed upon revocation of supervised release. *See* 18 U.S.C. § 3583(h). If a court decides not to revoke supervision, it may terminate or extend the release term or modify, reduce, or enlarge the conditions of supervised released. *See* 18 U.S.C. § 3583(e)(1)–(2).

## IV.     Statutory and Guidelines Analysis

### A.     Maximum term of imprisonment upon revocation.

The defendant's original offense is categorized as a Class C felony. *See* 18 U.S.C. § 924(a)(8). Thus, if the defendant's supervision is revoked, the Court may impose a maximum term of two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

### B.     Maximum additional term of supervised release after term of reimprisonment served.

Upon revocation, a court may impose an additional term of supervised release after a defendant's reimprisonment, amounting to the maximum length of supervised release authorized by statute less any term of imprisonment imposed. *See* 18 U.S.C. § 3583(h). Here, the maximum term of supervised release for the underlying offense is three years. *See* 18 U.S.C. § 3583(b)(2).

### C.     Sentencing Guidelines calculation.

The Sentencing Guidelines include non-binding policy statements that provide guidance on the appropriate sanction for supervised release violations. *See* U.S.S.G. § 7A1; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995). Where a petition includes more than one alleged violation, the grade of the violation is determined by the violation with the most serious grade. *See* U.S.S.G. § 7B1.1(b). Each of the defendant's violations of his conditions of supervised release are Grade C violations. *See* U.S.S.G. § 7B1.1(a)(3).

The recommended term of imprisonment upon revocation is calculated based on U.S.S.G.

§ 7B1.4. *See* U.S.S.G. § 7B1.3(b). The defendant's criminal history category at sentencing was Category VI. *See* ECF No. 145. For a Category VI defendant, the recommended term of imprisonment for a Grade C violation is between eight and fourteen months. *See* U.S.S.G. § 7B1.4.

## RECOMMENDATION

The United States respectfully recommends that the Court (1) find the defendant in violation of his conditions of supervised release; (2) revoke his supervised release; and (3) impose a sanction of ten months' incarceration; and (4) reimpose a term of supervision for three years less any term of incarceration imposed. This recommendation is based on the broad scope of the alleged violations, the defendant's repeated evasion of supervision, the need for deterrence of the defendant's misconduct, and the need to protect the safety of the community.

The history and characteristics of the defendant support the United States' recommendation. The defendant has an extensive and violent criminal history beginning in his youth, including violent and sexual offenses. On November 26, 2013, the defendant pleaded guilty the underlying offense in this case, which was one count of possessing a firearm after conviction of a felony offense. Pursuant to his conviction, the defendant received a sentencing enhancement for "Obstruction of Justice – Reckless Endangerment" for attempting to identify a Confidential Source ("CS") in the investigation and stop him from cooperating with the criminal investigation. The defendant also has a history of espousing extremist ideology. In November 2021, BOP identified the defendant as an international terrorist supporter after finding the defendant in possession of several internet capable devices that contained radicalized Islamic media.

Since the defendant has been on supervised release, his behavior has continued to demonstrate a lack of regard for the law, the safety of others, and the orders of the Court. According to mental health and psychosexual risk assessments undertaken at the instruction of his

probation officer, the defendant poses a moderate to high-risk danger to himself or others and is at high risk of engaging in a violent offense or sexually re-offending within the next seven years. *See* ECF No. 158.

The nature and circumstances of the defendant's alleged violations, viewed in light of his history and characteristics, are severe and show his intention to evade the conditions of his supervision. The defendant has repeatedly deceived his probation officer by failing to report his financial information, his business ventures, his internet capable devices, his contacts with persons convicted of a felony, and his interactions with law enforcement. The defendant committed these violations knowing that they would obstruct the U.S. Probation Office's ability to conduct meaningful supervision. On October 29, 2022, in a call between the defendant and a BOP inmate, the defendant instructed the inmate not to contact his monitored device and to instead call his wife's phone number. The defendant explicitly stated, "You can't contact me on this number anymore, you hear me?" On February 17, 2023, during the defendant's polygraph assessment, the defendant admitted to misleading his probation officer as to the use of internet capable devices and to obtaining an unmonitored phone without his knowledge. Each of the defendant's violations, in light of his history and characteristics, are part of a greater effort to deceive his probation officer and to engage in conduct outside of the purview of his supervision.

The defendant has evaded supervision and prevented the U.S. Probation Office from gaining a meaningful understanding of the defendant's contacts and activities. For example, the defendant failed to provide requested financial information, including multiple credit cards, businesses, and Cash App transactions, which include regular cash payments from various women. Further, the defendant is taking steps toward opening a re-entry or halfway house for other previously convicted felons, putting vulnerable communities at risk of harm from the defendant.

Indeed, BOP previously denied the defendant's placement at Residential Reentry Center (RRC) based on his risk of danger to the community. The funding for these projects is also unknown given that, on or about January 24, 2023, the defendant resigned from his employment and educational program with the Georgetown University Pivot Program and does not have a known lawful occupation. These violations are serious and demonstrate the defendant's aim of deceiving his probation officer and precluding supervision.

Undersigned counsel was recently informed[1] that during the defendant's pre-polygraph interview on February 23, 2023, the defendant made several admissions surrounding forced sexual contact, including that "he has forced someone to have sex with him since being under supervision." The forensic psychologist found that "Mr. Barnes should be referred for the highest level of supervision and every misstep should be met with immediate consequence." The Court should consider this admission to be an aggravating circumstance.

Based on the defendant's broad and repeated violations of his supervision and his recent admission, the Court should revoke his supervision and impose a term of imprisonment. A sentence within the Guidelines' range of eight to fourteen months' imprisonment is an appropriate sanction for the defendant's conduct. In less than a year of supervision, the defendant has circumvented his supervision on at least fourteen different occasions, has made an admission to committing a forcible sex offense, and has failed to acknowledge or accept responsibility for his conduct. These circumstances taken together warrant revocation of the defendant's supervision and imposition of at least a ten-month term of incarceration. This sentence is necessary to account for the defendant's broad evasion of his conditions of release, to deter him from continuing to

---

[1] The report containing this admission was provided to undersigned counsel and has been provided to defense counsel.

violate the conditions of his release, and to protect the community from harm. An additional term of supervised release of three years less any period of incarceration on revocation is appropriate and necessary to ensure the safety of the community.

## CONCLUSION

For the reasons stated in this memorandum, this Court should find that Defendant violated the terms of his supervision, revoke his supervision, and sentence the defendant to at least ten months' incarceration followed by a term of supervised release.

Respectfully submitted,

Jessica D. Aber
United States Attorney

_____/s/_____
Chelsea R. Rooney
Special Assistant United States Attorney
Rachael Tucker
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office:  (703) 299-3802
Fax:     (703) 299-3980
Email:   Chelsea.Rooney2@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 27, 2023, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record. I further hereby certify that on March 27, 2023, I sent a copy of the foregoing to Sean Stallman and Daniel D. Gillespie, Jr., Senior United States Probation Officers, via electronic email.

By: _____/s/_____
Chelsea R. Rooney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office:  (703) 299-3802
Fax:     (703) 299-3980
Email:   Chelsea.Rooney2@usdoj.gov